622

1820

*Johnson*
*ads.*
*Grignon*

Doty
for Deft.

*George Johnston*    Appeal from the Court of the county of Michili-
*ads.*     mackinac
*Louis Grignon*    Motion by Defts. Atty. that the judgment of the
Court below be reversed.

1st The Court below had not jurisdiction of the case.

It is an action of trespass *quare clausum fregit*, alledged and charged in and by the declaration to have been committed at *Green Bay in the County of Brown;* and hence the said court could in no manner take cognisance of, try and render judgment in, said action, being Statute limited in their jurisdiction to the County of Michilimackinac.

"Wherever the *cause of action* must necessarily have arisen in any *particular* county, or wherever the parties to the suit become such by mere privity of estate, as it is called, such action is *local*, and *must be brought* in that county where the cause of action arose." "With respect to the first part of this definition, it may be easily understood; and it is obvious, that it must comprehend all actions where the possession of the land is to be recovered, as ejectment and the like; and also where any actual *trespass* or waste has been committed on any premises; &c"

"The action of trespass *quare clausam fregit*, is a local action, and consequently the venue *must* be laid in the county where the land lies."

Trespass committed in *Canada*, action brought in England — held not maintainable.

This error of instituting the action in a wrong County, may be taken advantage of after the general issue plead, in any manner to arrest the judgment. It is a good ground for non-suit.

"If the action be really local, and the venue be not of the proper county, *should it appear on the face of the declaration*, it would be demurrable to; or if it is proved on the trial, the plaintiff will be nonsuited."

2nd It is not stated *positively* in the declaration that the plff. owned, or was in possession of the premises at the time of the alledged trespass.

He could not have been the *owner*, because the Lands at Green Bay have never been confirmed to the persons in possession, and the title still rests in the Government of the United States.

"Being founded on an injury to the possession, it is essential that the defendant should *be in possession* of the close at the time when the injury is committed."

This court cannot presume the *possession* proved in the court below, because it was not *stated* in the declaration — unless averred it could not be proved.

3<sup>d</sup> The Seal of the court below was not affixed to the writ in this case, and hence the arrest was illegal.

Oct<sup>r</sup> 17. 1820.

J. D. DOTY
Atty. for Deft.

[In the handwriting of James Duane Doty]